BONFOEY et al. v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. August 12, 1918.)

No. 5047.

1. CRIMINAL LAW ⬤�き814(1)—INSTRUCTIONS.
    Where, under the evidence, there might be a conviction on some of the counts, if not on others, requested charge that, to convict in this cause, certain matter must be proved, is bad, as requiring conviction or acquittal on all the counts.

2. POST OFFICE ⬤⟝49—USING MAILS TO DEFRAUD—PERSONS TO BE DEFRAUDED—KNOWLEDGE AND INTENT.
    For conviction under Penal Code, § 215 (Comp. St. 1916, § 10385), of using the mails to defraud, defendants, when forming the scheme, need not have known the person named in the indictment as defrauded or intended to be defrauded, but are presumed as matter of law to have intended to defraud all who should deal with them pursuant to the scheme.

3. POST OFFICE ⬤⟝48(8)—USING MAILS TO DEFRAUD—VARIANCE—"MORTGAGE" AND TRUST DEED.
    Variance between indictment for using mails to defraud, using the word "mortgage," and proof of "trust deed," is not substantial. Defendants in their advertising called the trust deeds mortgages, and the word "mortgage," when used in a descriptive sense, has no inherent difference in meaning from the words "trust deed."

    [Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Mortgage.]

4. CRIMINAL LAW ⬤⟝1167(2)—HARMLESS ERROR—VARIANCE. •
    Variance between counts and proof could not have prejudiced defendants, convicted only on counts as to which there was no variance.

In Error to the District Court of the United States for the Western District of Oklahoma.

B. H. Bonfoey and another were convicted under Penal Code, § 215 (Comp. St. 1916, § 10385), and bring error. Affirmed.

C. B. Stuart, A. C. Cruce, and M. K. Cruce, all of Oklahoma City, Okl., for plaintiffs in error.   •

John A. Fain, U. S. Atty., of Lawton, Okl. (Lal D.. Threlkeld, Asst. U. S. Atty., of Oklahoma City, Okl., on the brief), for the United States.

Before SANBORN and CARLAND, Circuit Judges, and BOOTH, District Judge.

CARLAND, Circuit Judge. Plaintiffs in error, hereafter called defendants, were convicted of a violation of section 215, Penal Code (Act

---

⬤⟝For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

March 4, 1909, c. 321, 35 Stat. 1130 [Comp. St. 1916, § 10385]). The indictment charged that the defendants devised a scheme to defraud certain persons named and other persons, to the grand jury unknown, as borrowers, and certain persons named and other persons, to the grand jury unknown, as investors. At the trial it did not appear that at the time the scheme was devised the defendants knew the persons whom it was alleged they intended to defraud, and therefore it is claimed the defendants could not have intended to defraud these persons. To carry out this contention, counsel for defendants asked the trial court to charge the jury as follows:

"In order to convict the defendants in this cause, the government is required to prove beyond a reasonable doubt that the defendants formed a scheme or artifice to defraud each and every one of the investors or borrowers named in the bill of indictment."

[1, 2] This request was refused. There were nine counts in the indictment, and the charge as requested would require a conviction or acquittal on all of the counts. For this reason alone, the charge was properly refused. If the charge quoted was requested on the theory that it would compel the jury to acquit as to those counts where the person named as the one defrauded or intended to be defrauded was not personally known to the defendants when they devised the scheme to defraud, it was erroneous, as the defendants were presumed as a matter of law to have intended to defraud all persons who should deal with them pursuant to the scheme to defraud, whether they were known to defendants at the time the scheme to defraud was devised or not. We therefore conclude there was no error in refusing the request.

[3] It is next claimed that there was a variance between the indictment and the evidence under some of the counts, in this: The indictment used the word "mortgage," and the evidence showed a "trust deed." This was not a substantial variance, for the defendants could not have been prejudiced. They were fully and fairly apprised of what they must meet by the allegations of the indictment. They had, in all their circulars advertising their business, called these trust deeds "mortgages." When the word "mortgage" is used in a descriptive sense, there is no inherent difference in the meaning of the word and the words "trust deed." Bartlett v. Teah (C. C.) 1 Fed. 768; Platt v. Union Pacific Ry. Co., 99 U. S. 48, 25 L. Ed. 424; McLane v. Placerville S. V. R. Co. et al., 66 Cal. 606, 6 Pac. 748; Theodore Shillaber v. John Robinson, 97 U. S. 68, 24 L. Ed. 967.

[4] Moreover, the defendants were convicted on counts where the alleged variance did not exist, and the deed of trust could not have prejudiced the jury on these counts.

The judgment below must therefore be affirmed; and it is so ordered.