Syllabus.

# Richmond.

## GUGGENHEIMER & CO. v. ROGERS & OTHERS.

### MARCH 24. 1898.

Absent, Cardwell and Riely, JJ.

1. TRUSTS AND TRUSTEES—*Sale Under a Second Deed of Trust—Expenses and Costs—Application of Proceeds.*—The grantor in a deed of trust conveyed horses to a trustee to secure creditors, retaining possession, use, and profits for one year, and providing for sale on default after that time. A few days thereafter he conveyed the same horses to another trustee to secure a different creditor, and directed the trustee to take immediate possession of the horses, provide for their care and feed till day of sale, make sale of them as soon as practicable, and out of the proceeds to pay all costs and expenses, including the care and feed of the horses, and a commission of five *per cent.* to the trustee, and the residue to the creditors secured. The trustee in the second deed took immediate possession, and paid for the care and feed of the horses, and, after advertising in the manner provided by the second deed and giving notice to the creditors secured in the first deed, sold the horses at public auction. The creditors secured in the first deed were present at the sale, the trustee acted with discretion, and the horses sold for a fair price, though not for enough to pay the costs and expenses, and the debts secured in the first deed. The trustee deducted from the proceeds of sale the expense of the care and feed of the horses, and.the expenses of sale, including a commission of five *per cent.* to the trustee as provided by the deed under which he acted, and also a fee paid to counsel.

*Held:* The trustee did what a court of equity would have directed, if applied to, and the deductions made by him from the proceeds of sale were properly made and rightly credited to him.

2. TRUSTS AND TRUSTEES—*Counsel Fees.*—The trustee having been allowed the amount claimed for counsel fees prior to a final decree in this cause, will not, under the circumstances of this case, be granted further allowance on that account on a bill of review filed by the adverse party.

Appeal from a decree of the Circuit Court of Nelson county, pronounced May 1, 1896, in a suit in chancery wherein the appellants and others were the complainants, and the appellees were the defendants.

*Affirmed.*

This was a bill filed by the appellants and others against John H. Nelson, trustee, and others, for the purpose of compelling said Nelson to account for the *gross* proceeds of the sale of certain horses sold by him under a deed of trust upon which appellant held a prior deed of trust.

*J. Thompson Brown*, for the appellants.

*Edward Nichol* and *J. H. Nelson*, for the appellees.

HARRISON, J., delivered the opinion of the court.

On the 23d of January, 1895, H. O. Rogers conveyed, together with certain other personal property, about fifty head of horses to E. F. Sheffey, as trustee, to secure the appellants, Guggenheimer & Co., and two other creditors, certain notes, all of which have, since the institution of this suit, been acquired by appellants. The deed provides that the grantor shall retain possession of the property for twelve months from its date, and take all the issues, use, and profits thereof until the expiration of that period.

It appears that the execution of this deed precipitated a crisis in the affairs of the grantor, and five days thereafter he was compelled to execute several other deeds for the benefit of creditors. Among these, was one conveying to the appellee, John H. Nelson, as trustee, the same fifty horses mentioned in the first deed to secure certain additional creditors named therein. This deed authorized the trustee to take possession of the horses and sell them at as early a date as practicable, and to provide for their

maintenance until sold, and further provided that the expenses of the trustee in supporting the horses, costs of sale, &c., including a commission of five *per cent.*, should be first paid out of the proceeds of sale.

Under this deed the horses were sold by appellee after due advertisement, and did not bring enough to pay the costs and the debts secured to appellants in the first deed.

The contention of the appellants is that appellee is not entitled to credit, in the settlement of his accounts as trustee, for the cost of keeping the horses, commissions, and other costs of sale; that their debts constituted a preferred lien, and appellee could not legally create any prior charge upon the fund to their prejudice; and that in contracting for the maintenance of the horses, and in selling them, he was acting as a volunteer, and assumed the risk of the horses selling for enough to pay appellants before any part of the proceeds could be applied to expenses incurred by him under the second deed ot trust.

This position is wholly untenable. As already stated, the attempt to secure appellants brought about a crisis in the affairs of the debtor, Rogers, which left him without the means of supporting the horses. The second deed imposed upon the appellee the duty of taking immediate possession of the property, and providing for its sustenance, and, in the discharge of that duty, he did exactly what would have been directed had a court of equity been applied to for guidance. Prompt action was necessary to prevent the horses from perishing with cold and hunger in the midst of a severe winter. It is conceded that the contract made by appellee for the support of the horses was fair and reasonable, the sale was made at a reasonable time, and as speedily as the best interest of all concerned permitted, and there is no suggestion that the sale was not fairly made, or that the horses did not bring a reasonable price under the circumstances. Indeed, appellants were present at the sale, acquiescing therein, and approving the prices obtained. The evidence does not cast a suspicion upon the *bona fides* of the transactions men-

tioned in this record. Their integrity is apparent throughout, and the claim of appellants that the gross proceeds of the sale should be turned over to them, and appellee left to bear the cost of preserving the property for their benefit, was properly denied.

Under rule IX appellee assigns as error the failure of the lower court to make him an allowance for counsel fees incurred in defending this suit.

In his answer to the original bill appellee files a detailed statement of his account as trustee, showing the credits he is entitled to, including one of $20.00 paid to counsel. This account is confirmed by a final decree, and the net balance, as directed by said decree, paid over to appellants. In his answer to the bill of review, which is asked to be treated as a cross-bill, appellee again asks to be allowed compensation to pay cost of employing counsel. This bill of review was properly dismissed at the instance of appellee. The final decree ended the cause, and the attempt to vacate that decree and restore the cause to life having failed, appellee, as well as appellant, was shut out from all further relief therein.

For these reasons the decree appealed from must be affirmed.

*Affirmed.*