Statement.

## Richmond.

### WILSON v. WALL & OTHERS.

#### MARCH 21, 1901.

1. TRUSTS AND TRUSTEES—*Duty of Trustee in Deed to Secure Debts.*—A trustee, in a deed to secure debts, is the agent of the debtor as well as of the creditor, and it is his duty to act justly and impartially with respect to both. He must in all respects conform to the terms of the deed, and where a discretion is vested in him he should exercise it prudently and fairly.

2. TRUSTS AND TRUSTEES—*Advertisement—"Duly Advertise"—Discretion.* No general rule can be laid down as to the length of time property should be advertised for sale. Ordinarily, a direction to "duly advertise" is sufficiently complied with by advertising in accordance with the prevailing custom adopted by prudent men in the management of their own affairs, or by following the rule of courts in relation to sales of like property in the jurisdiction in which the property is situated. *Morriss* v. *Ins. Co.*, 90 Va. 370, disapproved.

3. CHANCERY PLEADING AND PRACTICE—*Improper Conduct of Complainant—Relief.*—As a general rule, courts of equity will not relieve against conditions brought about by the improper conduct of the party seeking relief.

Appeal from a decree of the Circuit Court of Cumberland county, pronounced January 26, 1900, in a suit in chancery, wherein the appellant was the complainant, and the appellees were the defendants.

*Affirmed.*

The opinion states the case.

*Cardwell & Cardwell, E. W. Hubard* and *Willis B. Smith,* for the appellant.

*A. B. Dickinson*, for the appellees.

WHITTLE, J., delivered the opinion of the court.

This is an appeal from an order of the judge of the Circuit Court of Cumberland county, dissolving an injunction restraining appellees from prosecuting an action of unlawful detainer in the County Court of that county, to recover possession of the land in controversy.

The facts, so far as necessary to be stated, are as follows: Appellant executed a deed of trust conveying real estate to a trustee to secure to the "Trustees of Union Theological Seminary in Virginia," a debt of $2,000, with semi-annual interest thereon. The deed provided that the trustee should "duly advertise the time and place of sale in some newspaper published in the city of Lynchburg." Default was made in the payment of the debt, and the trustee advertised the sale in the *Lynchburg News*, a daily newspaper published in the city of Lynchburg, commencing June 21, 1899, and causing six every-other-day insertions to be made therein; and, in addition, mailed printed hand bills to all the postoffices in the vicinity of the property, including the courthouse, with the request that they be posted; and mailed others to persons whom it was supposed might become bidders. The sale was made July 3, 1899, at public auction on the premises, and appellee, J. B. Wall, being the highest bidder, became the purchaser at the price of $2,650. The property failed, by several hundred dollars, to bring enough to discharge the debt and costs. The bond of appellant was credited for the full amount of the purchase price, less the costs and expenses of sale. The trustee having conveyed the land to the purchaser, the action of unlawful detainer referred to was instituted to recover possession thereof, which, as stated, was enjoined; and an appeal allowed from the order dissolving the injunction.

The grounds of complaint are:

1. That the sale was not properly advertised.

2. That it was not made on the premises.

3. That there was a sale, by agreement, to appellant, J. B. Wall, at $2,600.

4. That no cash payment was required, and by fraudulent collusion with the trustee, the purchaser was attempting to acquire the land at less than his bid for the same.

It is sufficient to say, that charges 2, 3 and 4 are categorically denied by the defendants in their answers; and are wholly unsustained by the evidence.

A trustee is the agent of the debtor, as well as of the creditor, and it is his duty to act justly and impartially with respect to both. He has been likened, in that regard, to a commissioner of a court of equity. He must, in all respects, conform to the stipulations of the deed; and the advertisement must be in accordance with its terms. But, where, as in this case, the only provision is that the time and place of sale shall be "duly advertised" in some newspaper published in the city of Lynchburg, the trustee must exercise the discretion thus vested in him, as to the length of time for publication, prudently and fairly; bearing in mind the chief object to be attained, which is, to give notice, so as to secure the attendance of persons who are likely to become purchasers, and to obtain a fair price for the property to be sold, as the result of competition in bidding. No general rule on the subject can be laid down by courts, but, ordinarily, advertisement in accordance with the prevailing custom adopted by prudent men in the management of their own affairs, or the rule of the courts in relation to judicial sales, in the jurisdiction in which the property is situated, would be deemed reasonable.

These principles are famliiar, and do not require citation of authority to support them.

*Morriss* v. *Virginia State Ins. Co.*, 90 Va. 370, is quoted to sustain the proposition that an advertisement of the sale of real estate for less than thirty days is not reasonable. That was the view of the judge who delivered the opinion in that case. But

only three judges sat in it. One of them concurred in the result, while the third delivered a vigorous dissenting opinion. The case, therefore, is not authority in any other case. *Whiting* v. *Town of West Point*, 88 Va. 905. If, however, it were conceded that the property was not "duly advertised" in this case, the conduct of appellant has not been such as to commend his contentions to the favorable consideration of a court of equity. He was present at the sale, and made the bid, next to, and within $25 of, the bid at which the property was knocked out to the purchaser. He interposed no objection to the sale on the ground of insufficiency of notice or otherwise until more than six months after it was made; and in addition, he, by earnest solicitation, induced two parties who were present for the purpose of bidding on the property, to refrain from bidding. This conduct on his part was illegal and highly detrimental to the rights and interests of the creditor. *Barnes* v. *Morrison*, 97 Va. 372.

It is a general rule of courts of equity, that they will not relieve against conditions brought about by the improper conduct of the party seeking relief. There is no evidence that the property did not bring a fair price, and to say nothing of the rights of the purchaser, there is no reason why the creditor, who at best must lose several hundred dollars of his debt, should be subjected to the delay and hazard of the property selling for a less price at a resale.

The order of the circuit judge dissolving the injunction was plainly right, and must be affirmed.

*Affirmed.*