---
Opinion.
---

# Richmond.

Preston v. Johnson and Others.

March 22, 1906.

1. Trustees—*Sale—Failure to Give Proper Notice.*—If a trust deed requires the trustee to advertise the time, *terms* and place of sale before making sale, and he advertises the time and place of sale, but says nothing as to the terms, the sale made by him will be set aside as invalid at the instance of the grantor, or a prior grantee from him, who was ignorant of the time and place of sale. It is the duty of a trustee, in executing the trust, to conform substantially in all material particulars to the stipulations of the deed under which he acts.

Appeal from a decree in chancery of the Circuit Court of Elizabeth City county. Decree for defendants. Complainant appeals.

*Reversed.*

The opinion states the case.

*Nelms & Wise,* for the appellant.

*S. Gordon Cumming,* for the appellees.

Whittle, J., delivered the opinion of the court.

We shall confine our observations in this case to the single question of the sufficiency of the notice under the provisions of the deed of trust to warrant the sale made by the trustee of the land in controversy.

The deed stipulated that in the event of a sale it should be made at such place, in the county where the land is situated, as the trustee might determine, after advertisement of the time, place and terms thereof for such time and in such manner as he should deem advantageous, for cash sufficient to defray the expense of executing the trust and to discharge the debt; and the residue, if any, of the purchase price to be on such credit and secured in such manner as the grantor might direct, or in fault of such direction as the trustee might determine.

Notice of the time and place of sale was given by publication in a weekly newspaper published in the town of Hampton, but it affirmatively appears that there was no notice or advertisement of any kind of the terms of sale, and that fact is not recited in the deed from the trustee to the purchaser; so that the case is not affected by section 3333a, Va. Code, 1904.

The sale was made at the front door of the courthouse in Hampton on an inclement day and in the presence of very few persons; and after one other bid made by a kinsman of the appellee specially invited to attend the sale, the land was sold to the appellee, the *cestui que trust,* at less than one-third its value. Neither the grantor nor the appellant, to whom the land had been sold subject to the deed of trust, was apprised of the sale, or afforded an opportunity to prevent it or in any manner to protect his interest. Appellant, immediately upon learning of the sale, tendered to appellee the amount of his debt, together with the cost and expenses of sale, but the offer was rejected, and thereupon this suit was instituted to annul the sale.

It is the well-settled doctrine in this jurisdiction that a trustee for sale is the agent of both debtor and creditor, and as such it is incumbent upon him to act toward each with perfect fairness and impartiality; and, moreover, in executing the trust he

must in all material particulars substantially conform to the stipulations of the deed. *Norman* v. *Hill,* 2 Patton & Heath 676; *Taylor* v. *King,* 6 Munf. 358, 8 Am. Dec. 746; *Harris* v. *Harris,* 6 Munf. 367; *Gibson* v. *Jones,* 5 Leigh 403; *Wood* v. *Krebbs,* 33 Gratt. 685; *Sulphur Mines Co.* v. *Thompson.* 93 Va. 293, 315, 316, 25 S. E. 232; *Wilson* v. *Wall,* 99 Va. 353, 355, 38 S. E. 181.; 2 Min. Inst. (4th ed.) 341.

In a note to *Tyler* v. *Herring,* 19 Am. St. Rep. 263, at pp. 287, 288, Mr. Freeman observes: "Where the instrument creating the trust has given directions concerning the mode of sale, they must be substantially pursued. Any direction regarding the notice of sale is material, and the trustee is not at liberty to disobey it. His sale made without complying with it will, in most jurisdictions, be regarded as either absolutely void, or as liable to be vacated upon complaint of any person interested in the execution of the trust." Citing *Sears* v. *Livermore,* 17 Iowa 297, 85 Am. Dec. 564.

The learned annotator then proceeds: "Manifestly the objects to be accomplished by a notice of sale are to advise the public of what is to be sold, and the time when, the place where, and the terms upon which it may be bought; and the essentials of a notice under a trust deed are, therefore, a statement of the time, place and terms of sale, and such a description of the property to be sold as if read by persons familiar with the neighborhood, will advise them of what is to be sold, and upon what terms it can be bought, and induce them to attend the sale as prospective bidders, should they feel an inclination to invest in the property to be sold."

"The power of sale generally stipulates that it shall be exercised only after giving notice by advertisement for a certain time in some newspaper, or after giving some other prescribed notice. In several States the notice to be given is prescribed by

statute, and in such case the statute must be followed, whatever may be the provisions of the power in this respect.    In either case a sale made without the proper prescribed notice is invalid.    .   .   .    The purchaser is bound to know what the requirements of the deed or statute are in this respect, and to see that they have been complied with; and the mortgagor and others interested in the equity may redeem all the same if the power is illegally exercised." 2 Jones on Mortgages (5th ed.), sec. 1810.

Lewin on Trusts (Notes by Flint), bottom p. 576; 1 Devlin on Deeds (2d ed.), §§ 389, 398, 403; 2 Perry on Trusts (5th ed.), p. 188; Hill on Trustees, p. 746; *Greenleaf* v. *Queen,* 1 Pet. (U. S.) 144; *Allie* v. *Lawrence,* 12 Gray (Mass.) 373; *Hunt* v. *Townsend,* 31 Md. 336, 100 Am. Dec. 63; *Farr* v. *Sims* (S. C.), 24 Am. Dec. 400; *Yellowly* v. *Beardsley* (Miss.), 24 South. 973, 71 Am. St. Rep. 538.

Applying these familiar principles to the case in judgment, it was the duty of the trustee to have given appellant an opportunity to define the terms of sale with regard to the excess of the purchase price beyond what was required to discharge the debt and expenses of sale; and he ought also to have advertised the terms of sale as prescribed by the deed.

Without intending, in any manner, to impute bad faith to the trustee in this instance, nevertheless his failure to observe these essential provisions of the deed renders the transaction invalid; and the decree appealed from, which sustained the sale, must, therefore, be reversed.

*Reversed.*