Staunton

6. Mortgages and Deeds of Trust - Sale - Advertisement - Substantial Compliance, in executing the trust, to conform substantially in all material particulars to the stipulations under which he acts, and the time of advertising is one of the most essential of these stipulations.

1. Time, Computation of—Clause 8 of Section 5 of the Code of 1919—Application to Private Contracts.—The provision of clause 8 of section 5 of the Code of 1919, that where a statute requires notice to be given a certain time before any motion or proceeding, there must be that time exclusive of the day on which such motion or proceeding, also the day on which such notice is given, or such act is done may be made, and has no application to notice of sale...

2. Time, Computation of—Matters of Private Contracts—First or Specified Day.—In matters of private contracts, if a contract is to be performed or some act done within a certain number of days from a specified date, the first or specified day is not to be counted.

3. Mortgages and Deeds of Trust—Notice of Sale—Computation of Time... The advertisement was published on October 28th, 29th, 30th, and 31st, and November 6th. The foregoing was immaterial whether the first day or the last day counted, for in either event sixteen days elapsed before the day fixed for the sale...

9. Mortgages and Deeds of Trust—Advertising Sale for Ten Days—Object of Advertisement—Deed of trust only authorized a sale "after first advertising" for ten days—that is, the advertisement was to precede ten days before the sale took place. It did not require that the notice should be published ten consecutive days, but that the sale should only be made after first advertising the time, place and terms for ten days. The object was that the advertisement should be current for ten days before the sale...

5. Mortgages and Deeds of Trust—Computation of Time—General Rule.—The general rule in regard to computing the time during which notice of sale under a power in a mortgage or trust deed run or should run is that the day of performance is to be included, and the day from which the notice begins to run is to be excluded. Thus the land...

to be sold after an advertisement of ten days is void where the first publication is made on the eighth of a month and the sale is held on the eighteenth of the same month, as the day upon which the advertisement is first published is to be excluded in computing the time when the publication should begin.

6. MORTGAGES AND DEEDS OF TRUST—*Sale—Advertisement—Substantial Compliance, with Deed.*—It is the duty of a trustee in a deed to secure debts, in executing the trust, to conform substantially in all material particulars to the stipulations of the deed under which he acts, and the time of advertising is one of the most essential of these stipulations.

7. MORTGAGES AND DEEDS OF TRUST—*Advertisement of Sale—Sale not Advertised for the Number of Days Required by Deed—Postponement—Case at Bar.*—In the instant case the advertisement of a sale under a deed of trust was published for only nine days, whereas, the deed required publication for ten days. On the date fixed for the sale by the advertisement, November 6th, the sale was postponed to November 14th at the request of the subsequent purchaser and the advertisement reappeared the next day with notice of the postponement.

   *Held:* That the defective notice was not cured by the subsequent publication, nor was the subsequent purchaser estopped to assert the invalidity of the sale.

8. MORTGAGES AND DEEDS OF TRUST—*Advertisement of Sale—Sale not Advertised for the Number of Days Required by Deed—Postponement.*—A sale which cannot be made on the day appointed because the notice thereof has not been given for the length of time required by the deed under which it is authorized, cannot be postponed to a later date without giving notice of the new date for the length of time required by the deed. It is in effect a proceeding *de nevo.*

9. MORTGAGES AND DEEDS OF TRUST—*Notice of Sale—Defective Sale.*—Where a deed of trust provided that a sale should only be after first advertising it for ten days, if the trustee sells after only nine days notice, the sale is invalid.

10. MORTGAGES AND DEEDS OF TRUST—*Defective Notice of Sale— Postponement at Request of Subsequent Purchaser—Estoppel.*—In the instant case, where the notice of sale under a deed of trust was defective because the sale was not advertised for the number of days required by the deed, the trustee had no power to sell on the date advertised, and when he postponed the sale at the instance of the subsequent purchaser, the trustee did not alter his position for the worse and hence there was no estoppel against the subsequent purchaser to deny the validity of the sale.

11. MORTGAGES AND DEEDS OF TRUST—*Notice of Sale—Waiver—Case at Bar.*—Parties interested in the sale under a deed of trust, have the

right to waive the notice required by the deed and permit a sale on a shorter notice, but where there were several later deeds of trust on the property to be sold under a deed of trust and parties to these deeds and the grantor in the deeds did not consent to sell on a shorter notice than required by the deed and were not parties in the instant suit, there was no waiver of the insufficient publication of the notice.

Appeal from a decree of the Law and Chancery Court of the city of Roanoke.    Decree for defendant.    Complainant appeals.

*Affirmed.*

The opinion states the case.

*E. C. Dickerson*, for the appellant.

*Jackson & Henson*, for the appellee.

BURKS, J., delivered the opinion of the court.

This was a suit for specific performance of a contract of sale of real estate brought by the appellant against the appellee, C. S. McNulty.    There was a demurrer to the bill on the ground that the property had not been advertised for the time required by the deed of trust under which the sale was made.    The trial court sustained the demurrer and dismissed the bill.

The deed of trust under which the appellee acted, and which is exhibited with his bill, provided "that in case of sale, the same shall be made after first advertising the time, place and terms for ten days in some newspaper published in the city of Roanoke, Virginia."    The advertisement was made on October 28th, 29th, 30th and 31st, and November 1st, 2nd, 3rd, 4th, 5th and 6th, 1923, of a sale to be made on November 6, 1923.    On the day fixed for the sale, it was postponed at the instance of McNulty till November 14, 1923, and the advertisement reappeared in the newspaper the next day, with

this "memorandum at the foot thereof: 'This sale is hereby postponed until Wednesday, November 14, 1923, at the same hour and same place.'" The sale was made on the last mentioned date, and the property was cried out to McNulty and W. H. Kinsey, his client. Afterwards, McNulty refused to comply with the terms of the sale "because he said that his client, W. H. Kinsey," who was not present at the sale, "had not conformed with his agreement, or that the said W. H. Kinsey had not ratified and confirmed the purchase by G. S. McNulty as aforesaid." Thereupon this suit was brought by the trustee, and McNulty demurred to the bill on the ground above stated.

The appellant insists that the property was advertised for the length of time required by the deed of trust under which he acted, but that even if it was not, McNulty is estopped from making the objection because the sale was postponed at his request and the requisite time for advertising had elapsed when the sale was made.

[1, 2] The provision of clause 18 of section 5 of the Code, with reference to the computation of time,[1] has no application to a case of this kind. In matters of private contract it is settled in this State that if a contract is to be performed or some act is to be done within a certain number of days from a specified date, the first or specified day is not to be counted. Bowles v. Brauer, 89 Va. 466, 16 S. E. 356; Homestead Fire Insurance Co. v. Ison, 110 Va. 18, 65 S. E. 463.

[3, 4] In the instant case, however, it is immaterial whether the first day or the last day be counted, for in neither event had ten days elapsed before the day fixed

_____

[1] "Where a statute requires a notice to be given or any other act to be done a certain time before any motion or proceeding, there must be that time exclusive of the day for such motion or proceeding, but the day on which such notice is given or such act is done, may be counted as a part of the time."

for the sale, and we know of no rule of construction by
which both days are to be counted. The deed of trust
only authorized a sale "after first advertising" for ten
days; that is, the advertisement was to run ten days
before the sale took place. It did not require that the
notice should be published ten consecutive days, but
that the sale should only be made "after first advertising
the time, place and terms for ten days." The object
was that the advertisement should be current for ten
days before the sale.

In view of our own cases above cited, we deem it un-
necessary to comment upon numerous cases from other
jurisdictions cited by counsel. The current of author-
ity, however, accords with our cases.

[5] In 19 R. C. L. page 601, it is said: "The general
rule in regard to computing the time during which no-
tices of sale under a power in a mortgage or trust deed
run or should run is that the day of performance is to be
included, and the day from which the notice begins to
run is to be excluded. Thus it has been held that a sale
under a deed of trust requiring the land to be sold after
an advertisement of ten days is void where the first pub-
lication is made on the eighth of a month and the sale is
held on the eighteenth of the same month; as the day
upon which the advertisement is first published is to be
excluded in computing the time when the publication
should begin."

[6] It is the duty of a trustee in a deed to secure
debts, in executing the trust, to conform substantially
in all material particulars to the stipulations of the deed
under which he acts; and the time of advertising is one
of the most essential of these stipulations. This sub-
ject has been so fully considered and discussed in recent
cases that it would be a work of supererogation to repeat
the discussion. *Tabet v. Goodman*, 136 Va. 526; 118

S. E. 230; *Preston* v. *Johnson,* 105 Va. 238, 53 S. E. 1. See also *Shillaber* v. *Robinson,* 97 U. S. 68, 24 L. Ed. 967, and note to *Tyler* v. *Herring,* 19 Am. St. Rep. 266.

[7, 8] Appellant, however, insists that the adjournment or postponement of the sale from November 6th to November 14th, and the publication thereof cured the defect of notice, if there was any. The right to postpone a sale which has been once duly advertised cannot be denied, and sometimes the circumstances are such that it is the duty of the trustee to postpone the sale (*Rohrer* v. *Strickland,* 116 Va. 755, 82 S. E. 711), but a notice which is insufficient in the first instance cannot be patched up in this way. In order to fill out the time a new day of sale has to be fixed, and where, as in the instant case, the new date is less than ten days from the first date, neither date has been advertised for the length of time required by the deed, and the object and the purpose of the deed in requiring an advertisement of ten days is defeated. A sale which cannot be made on the day appointed because the notice thereof has not been given for the length of time required by the deed under which it is authorized, cannot be postponed to a later date without giving notice of the new date for the length of time required by the deed. It is in effect a proceeding *de novo.*

If the original notice of the sale conforms to the deed, the sale may be postponed, but whether the postponement must be for the same length of time as the original notice is a question upon which the authorities are in hopeless conflict, but which we are not called upon to decide, as the original notice, in the instant case, was insufficient. 19 R. C. L. page 605; 19 Am. St. Rep. 291; 92 Am. St. Rep. 590; L. R. A. 1915B, page 643.

[9] If the trustee had sold on November 6th, the first day fixed for the sale, after only nine days notice, the sale would have been invalid.

In *Shillaber* v. *Robinson*, 97 U. S. 68, .77, 24 L. Ed. 967, Mr. Justice Miller, speaking for a unanimous court, said: "If the instrument under which Noble acted is a mortgage with power of sale, it is beyond dispute that the sale is void, because it was not made in conformity with the terms on which alone he was authorized to sell. That the sale, under such circumstances was void, is too well established to admit of controversy.    We refer especially to the recent case in this court of *Bigler* v. *Waller*, 14 Wall. 302 [20 L. Ed. 891]."

In that case the advertisement was for only six weeks, while the statute required twelve weeks.

[10] When the trustee, at the instance of McNulty, postponed the sale from November 6th to November 14th, the trustee did not alter his position for the worse, for he had no power to sell on November 6th.    Hence, there was no estoppel against McNulty as claimed by the trustee.    Nor could the powers of the trustee be enlarged by the request of McNulty.

[11] The parties interested had the right to waive the ten days' notice required by the deed and permit a sale on shorter notice, but they never did so.    It appears from the bill in the instant case that the complainant had the first deed of trust on the property sold, and that there were several later deeds of trust thereon covering the full value of the property.    These parties and the grantor in the deeds of trust had the right to redeem the property within the ten days required for the advertisement (*Preston* v. *Johnson*, *supra*), or to have consented to a sale on shorter notice, but they did neither, and none of them are parties to this suit.    They are not bound by the proceedings herein, and none of them are parties to the deed tendered by the trustee with his bill.    There was nothing to cure the defective sale to McNulty, even if it be treated as voidable only, and he

was under no obligation to accept from the trustee the deed tendered with his bill which, at most, tendered a voidable title.

There is no error in the decree of the trial court and it is accordingly affirmed.

*Affirmed.*