## Wytheville

RUTH EVERETTE AND ESSIE HOWELL v. THOMAS L. WOODWARD, TRUSTEE, ET ALS.

June 14, 1934.

Present, Holt, Epes, Hudgins, Gregory and Browning, JJ.

The opinion states the case.

*Watkins & Powell* and *James G. Martin,* for the appellants.

*Frank E. Butler, Jr.,* and *Thomas L. Woodward,* for the appellees.

GREGORY, J., delivered the opinion of the court.

The appellants, who were the complainants in the court below, filed their original and amended bills against Woodward, trustee, Suffolk Floral Gardens, Inc., and E. F. O'Berry, the purpose of which was to set aside a certain foreclosure sale under a deed of trust on the grounds that the trustee failed to comply with the directions in the deed of trust in making the sale. The appellees, who were defendants below interposed their demurrer to the bills and upon a hearing on the bills and the demurrer the court, by decree, sustained the demurrer and dismissed the bills. This decree is here to be reviewed.

The appellants were the joint owners of a parcel of land containing nineteen and one-fifth acres and on June 25, 1925, conveyed the same by deed of trust to Woodward, trustee, in trust to secure Suffolk Floral Gardens, Inc., the payment of $1,500 and interest. Default was made in the payment of the money due and the trustee, upon proper request, advertised the property for sale and sold the same on the 12th day of April, 1933. At the sale the Suffolk Floral Gardens, Inc., became the purchaser at $4,100. Since the sale the Suffolk Floral Gardens, Inc., which has received its deed from the trustee, agreed to sell the property to E. F. O'Berry.

Ruth Everette and Essie Howell, in May, 1933, filed their bill of complaint against the trustee asking that the sale made by him be set aside. The Suffolk Floral Gardens, Inc., and E. F. O'Berry were made defendants. Later the bill was amended.

The complainants alleged in the bills that the trustee had failed to follow the directions contained in the deed of trust in making the sale. They alleged that the property was not advertised as required by the deed; that the advertisement was not made for a period of ten days; that the terms as advertised were not according to the requirements of the deed and that by reason of these departures the sale was a nullity.

The deed of trust provided in part:

"In the event that default shall be made in the payment of the said debt, principal or any installment of interest, when due and payable, then the trustee, on being required so to do by Suffolk Floral Gardens, Inc., its executors, administrators or assigns, shall sell the property hereby conveyed.

"And it is covenanted and agreed between the parties aforesaid, that in case of a sale the same shall be made after first advertising the time, place and terms thereof for ten days, in such manner as the trustee shall see fit, and upon the following terms, to-wit: For cash as to so much of the proceeds as may be necessary to defray

expenses of executing this trust, including a trustee's commission of five per centum, the fees for drawing and recording this deed, if then unpaid, and to discharge the amount of money then payable upon the said debt; and if there be any residue of said purchase money the same shall be made payable at such time, and secured in such manner as the said trustee shall think fit."

On May 25, 1933, by leave of court, a demurrer was filed by the defendants. The effect of the demurrer was to admit the allegations of the bill to be true; that is, that the trustee failed to advertise the property for ten days and that he did not sell upon the terms required in the deed. But the appellees (the defendants below) contend that the copy of the advertisement filed with the bill shows that the trustee did follow the terms of the deed. The language of the advertisement follows:

"By authority of a certain deed of trust, dated July 31, 1925, made by Ruth H. Everette (widow) and Essie B. Howell, to me as trustee, default having been made in the payment of the debt therein secured, and in the performance of the terms and conditions of said deed of trust, and at the request of the beneficiary thereunder, I will offer for sale

At Public Auction
In Front Of
The National Bank of Suffolk
In The City of Suffolk, Virginia
On The 12th Day Of April, 1933
At Twelve o'Clock Noon

the following property, to-wit:" Then follows a description of the property.

"THOMAS L. WOODWARD, *Trustee.*

"Terms: Cash.

"Suffolk, Virginia, April 1, 1933."

It is argued that because of the notation at the bottom of the advertisement, "Terms: Cash. Suffolk, Virginia, April 1, 1933," that this shows that the period of

the advertisement was more than ten days, for the sale was made on April 12th. Of course if the advertisement began on April 1st, this would have satisfied the requirement in that respect, but nowhere does it appear to have begun on April 1st. The date on the bottom of the advertisement is no evidence of the fact that it was advertised on that day. It was simply the date of the paper, but not the date upon which the advertisement began. On demurrer we think the allegation in the bills as to the time of the advertisement is sufficient.

A sale made by a trustee, without advertising the property as required by the deed, is invalid, and a purchaser is bound to know what the requirements of the deed are in this respect and to see that they have been complied with. *Tabet* v. *Goodman,* 136 Va. 526, 118 S. E. 230, 232.

The terms of the sale were left to the discretion of the trustee. This is apparent from the deed. The residue "shall be payable at such time and secured in such manner as the said trustee shall think fit." This, we think, vested in the trustee a reasonable discretion as to whether the residue should be paid in cash or whether it should be paid at some future time, and, as there is no allegation in the bills that the discretion of the trustee in this respect was abused, we think the demurrer was properly sustained as to that point.

In *Preston* v. *Johnson et al.,* 105 Va. 238, 53 S. E. 1, the court held:

"It is the well-settled doctrine in this jurisdiction that a trustee for sale is the agent of both debtor and creditor, and as such it is incumbent upon him to act toward each with perfect fairness and impartiality; and, moreover, in executing the trust he must in all material particulars substantially conform to the stipulations of the deed. *Norman* v. *Hill,* 2 Patton & Heath 676; *Taylor* v. *King,* 6 Munf. [20 Va.] 358, 8 Am. Dec. 746; *Harris* v. *Harris,* 6 Munf. [20 Va.] 367; *Gibson's Heirs* v. *Jones,* 5 Leigh [32 Va.] 370; *Wood's Ex'r* v. *Krebbs,* 33 Gratt. [74 Va.]

685; *Sulphur Mines Co.* v. *Thompson's Heirs,* 93 Va. 293, 315, 316, 25 S. E. 232; *Wilson* v. *Wall,* 99 Va. 353, 355, 38 S. E. 181; 2 Min. Inst. (4th Ed.) 341."

In *Tabet* v. *Goodman, supra,* the court held that the advertisement failed to state whether the terms of sale would be for cash or credit and in holding that the advertisement was insufficient said:

"Under the rule on the subject applicable in a suit in equity, such as that before us, as established by the great weight of authority, and by the unbroken line of decisions in Virginia, such advertisement was not a substantial compliance with the requirements of the deed of trust with respect thereto, but was such a material departure therefrom as vitiated the sale, and because of which the conveyance to the purchaser and the trust deed executed by the latter, mentioned in the bill, must be cancelled and adjudged null and void."

In *Dickerson, Trustee,* v. *McNulty,* 142 Va. 559, 129 S. E. 242, 243, the deed of trust provided that in case of a sale the same should be made after first advertising the time, place and terms for ten days in some newspaper published in the city of Roanoke, Virginia. The advertisement was made on October 28th, 29th, 30th and 31st and November 1st, 2d, 3rd, 4th, 5th and 6th, of a sale to be made on November 6th. On the date fixed for the sale it was postponed at the instance of McNulty until November 14th. The court in holding that the advertisement was insufficient said:

"It is the duty of a trustee in a deed to secure debts, in executing the trust, to conform substantially in all material particulars to the stipulations of the deed under which he acts, and the time of advertising is one of the most essential of these stipulations. This subject has been so fully considered and discussed in recent cases that it would be a work of supererogation to repeat the discussion. *Tabet* v. *Goodman,* 136 Va. 526, 118 S. E. 230; *Preston* v. *Johnson,* 105 Va. 238, 53 S. E. 1. See, also, *Shillaber*

v. *Robinson,* 97 U. S. 68, 24 L. Ed. 967, and note to *Tyler v. Herring* [67 Miss. 169, 6 So. 840], 19 Am. St. Rep. 266."

We are of opinion that inasmuch as the allegation in the bills charged that the trustee failed to advertise the property for ten days and the demurrer in effect admitting the truth of the allegation, the demurrer should have been overruled as to that point and evidence should have been taken to establish the allegation. If the property was not in fact advertised for ten days, the sale was invalid.

■ In a proceeding to have the sale set aside the record shows that the complainants were not guilty of laches. The sale was made on April 12, 1933; the suit was instituted in May, 1933; and in June, 1933, the decree was entered. There is no question here of the rights of a *bona fide* purchaser, nor questions of waiver, ratification, or estoppel.

■ The appellees contend here that, because the appellants failed to tender the amount due under the deed of trust or allege in their bill their readiness and willingness to pay the amount due, they are not entitled to relief in a court of equity. They cite no case from this jurisdiction which sustains their view.

Assuming that the property was improperly advertised, as we must do in considering the bills upon a demurrer, the question arises as to the effect of the defective sale.

■ The trustee's power of sale is coupled with an interest; that is, he holds the legal title, while the grantor in the trust deed has the equitable title. If the trustee sells the property and, in so doing, materially departs from the authority and directions in the deed, nevertheless the legal title passes to the purchaser at the sale and the sale can be assailed only in a court of equity, where, as we have already seen, material departure from the provisions of the deed will vitiate the sale. If the plain mandates of the deed relating to the advertisement of the property are violated by the trustee, the purchaser cannot claim to be a purchaser without notice of such violation, because

the deed of trust was available for his inspection. The purchaser, under such circumstances, in equity, will be subrogated to the rights of the trust deed creditor to the extent of the purchase price he has paid. *Minor on Real Property* (2d Ed.) section 640.

Applying those principles to the instant case, the doctrine of *caveat emptor* applied to the Suffolk Floral Gardens, Inc. It was the deed of trust creditor and having become the purchaser at the sale, it was bound to know of all the requirements of the deed and the power and authority of the trustee. It knew, not only as the purchaser but as the deed of trust creditor, that a valid sale could not be had unless the property was advertised as required in the deed. The record does not show that it has suffered any loss nor that its rights have been prejudiced by the sale. There has been no detrimental change in its position by reason of the sale.

The cause is remanded to the circuit court with directions to ascertain by evidence whether the trustee materially departed from the terms of the deed of trust in respect to the advertisement, and if the evidence shows that he did, the court will direct that the property be sold in this cause to satisfy the debt of the trust creditor if it is still due and unpaid. If, on the other hand, the evidence shows that the trustee substantially complied with the terms of the deed, then the bills should be dismissed.

*Reversed and remanded.*