PRESENT: Kinser, C.J., Lemons, Goodwyn, Millette, and Mims,
          JJ., and Koontz, S.J.[*]

FAIRFAX COUNTY REDEVELOPMENT
AND HOUSING AUTHORITY
                                    OPINION BY
v.   Record No. 092486           JUSTICE WILLIAM C. MIMS
                                    March 4, 2011
JAMES C. RIEKSE, ET AL.

            FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                      Dennis J. Smith, Judge

     In this appeal, we consider whether the Fairfax County

Redevelopment and Housing Authority ("Fairfax") may enforce a

right of first refusal to repurchase a parcel of real property

by demanding specific performance by the current owner's

predecessor in title.

     I.   BACKGROUND AND MATERIAL PROCEEDINGS BELOW

     In 1989, Fairfax granted and conveyed a parcel of real

property to Peter and Christine Tovar as tenants by the

entirety subject to certain conditions.  Among those

conditions, Fairfax reserved a right of first refusal to

repurchase the property ("the ROFR").  The ROFR provided that

>     [i]n the event that Grantee shall die (both of
>     them if more than one is named as Grantee), or
>     in the event the Grantee shall determine to sell
>     this Property at any time within thirty (30)
>     years from the date of this Deed, then and in
>     either event, the said Grantor, its successors
>     or assigns, shall have the option to repurchase

---

[*] Justice Koontz presided and participated in the hearing
and decision of this case prior to the effective date of his
retirement on February 1, 2011; Justice Kinser was sworn in as
Chief Justice on February 1, 2011.

the Property at the original sales price of
$74,640[, adjusted for inflation].

The deed further provided that the ROFR was to be a "covenant[]
running with the land, the burden of which covenant[ is]
assumed by Grantee as evidenced by Grantees['] signatures
hereon and by any subsequent successor in title as provided
herein."

The Tovars contemporaneously executed two deeds of trust
to secure the indebtedness they incurred to purchase the
parcel.  In 1995, the Tovars satisfied the indebtedness secured
by those two deeds of trust and executed a third deed of trust
to secure an indebtedness of $92,400.  In 1997, the Tovars
separated and Peter Tovar conveyed his entire interest in the
parcel to Christine Tovar.  The indebtedness secured by the
third deed of trust subsequently was defaulted and the
substitute trustees under that deed of trust sold the parcel at
a foreclosure auction to Rajinder and Rajesh Kapani in November
2002.  The Kapanis conveyed the parcel to James Riekse in May
2003.  Riekse executed a deed of trust to secure an
indebtedness of $213,200.

In September 2007, Fairfax filed a complaint in the
circuit court against the Kapanis, Riekse, and trustees under
Riekse's deed of trust alleging that the Kapanis had violated
the ROFR as a covenant running with the land and as a condition

subsequent.[1]  Fairfax asked the court to restore title to the Kapanis by declaring Riekse's deed void ab initio, to declare the parcel unencumbered by Riekse's deed of trust, and to order the Kapanis to convey the parcel to Fairfax under the terms of the ROFR.

The Kapanis filed a demurrer asserting that the ROFR had not been triggered because the express language in the Tovars' deed stated that Fairfax had the option to repurchase the parcel "[i]n the event that Grantee shall die . . . or in the event the Grantee shall determine to sell," and the Tovars had neither died nor determined to sell the parcel.  Riekse later joined the Kapanis' demurrer, asserting that the ROFR was not a covenant running with the land because it did not "touch and concern" the land, that the ROFR was enforceable only as a condition subsequent, and that the 10-year statute of limitations set forth in Code § 8.01-255.1 had expired.

The circuit court found that the ROFR did touch and concern the land and thus was a valid covenant running with the land.  It also found that it could not determine on demurrer whether Fairfax's claims were time-barred because it could not determine as a matter of law when the ROFR initially had been breached.  Accordingly, the court overruled the demurrer.

_____

[1] Additional claims in Fairfax's complaint were either abandoned or dismissed on demurrer and are not before us in this appeal.

3

The case proceeded to a bench trial. At the conclusion of Fairfax's evidence Riekse moved to strike asserting that Fairfax was not entitled to the relief sought, a declaration that his deed was void ab initio. The circuit court ruled that Riekse's deed was not void ab initio and consequently Fairfax was unable as a matter of law to "get the relief it requests under the Complaint with the case in the posture that it's in." Rather, the court ruled that Fairfax's remedy was to enforce the ROFR as a condition subsequent by filing an action of ejectment to effect a re-entry. Accordingly, the court granted Riekse's motion to strike and dismissed the case.

Upon Fairfax's motion for reconsideration, the circuit court reiterated that Riekse's deed was not void ab initio and that it therefore could not order the Kapanis to perform the ROFR because they no longer held title to the parcel. Consequently, the court denied the motion. We awarded Fairfax this appeal.

## II. ANALYSIS

Fairfax assigns error to the circuit court's holdings that it could not declare Riekse's deed void ab initio and that Fairfax may enforce the ROFR only as a condition subsequent by filing an action of ejectment. The challenged rulings arise from the circuit court's interpretation of the Tovars' deed,

4

which we review de novo. Beeren & Barry Invs., LLC v. AHC, Inc., 277 Va. 32, 37, 671 S.E.2d 147, 150 (2009).

## A.  THE VALIDITY OF RIEKSE'S DEED

Fairfax argues that the ROFR divested the Kapanis of the power to sell the parcel without first offering it to Fairfax. Accordingly, the deed conveying the parcel to Riekse is void ab initio.  However, the cases Fairfax cites do not support this proposition.

The primary case upon which Fairfax relies is Bond v. Crawford, 193 Va. 437, 69 S.E.2d 470 (1952).  There, the Crawfords contracted to sell a parcel to the Bonds but instead sold to the Londons.  The Londons had actual knowledge of the Bonds' contract prior to their purchase.  Id. at 443, 69 S.E.2d at 474.  The Bonds asked the circuit court to declare the Londons' deed void ab initio and to order the Crawfords to perform the Bonds' purchase contract.  This Court determined that the relief was appropriate, citing Thompson v. Thompson, 171 Va. 361, 198 S.E. 897 (1938).

In Thompson, the Court ruled that collusion between a grantor and a grantee to convey property to allow the grantor to escape performance of a contract rendered the resulting deed void.  Id. at 370, 198 S.E. at 900.  The Court held that

> [w]here a conveyance is made in order to put it
> out of the power of the grantor to fulfill a
> contract previously entered into with the

5

> knowledge or concurrence of the grantee, the
> transaction will be declared null and void, and,
> if the proper parties are before the court, a
> decree will be rendered compelling a conveyance
> to the party rightfully entitled.

Id. at 371, 198 S.E. at 901 (quoting Am. & Eng. Ency. of Law 40 (2nd ed.)).

Fairfax concedes that Riekse did not collude with the Kapanis to avoid their performance of the ROFR and that he did not even have actual knowledge that the ROFR existed. Rather, Fairfax contends only that Riekse had constructive knowledge of the ROFR because it was contained in the Tovars' deed, which had been properly recorded. Consequently, Bond and Thompson are distinguishable and the extraordinary relief of declaring an executed deed void ab initio is not appropriate in this case.

Fairfax also cites cases where conveyances by trustees under deeds of trusts were declared void ab initio.[2] They are distinguishable as well because they are predicated on the well-settled rule that

---

[2] Specifically, Fairfax cites Preston v. Johnson, 105 Va. 238, 53 S.E. 1 (1906), Smith v. Woodward, 122 Va. 356, 94 S.E. 916 (1918), Tabet v. Goodman, 136 Va. 526, 118 S.E. 230 (1923), Dickerson v. McNulty, 142 Va. 559, 129 S.E. 242 (1925), Everette v. Woodward, 162 Va. 419, 174 S.E. 864 (1934), Wills v. Chesapeake Western Ry. Co., 178 Va. 314, 16 S.E.2d 649 (1941), Turk v. Clark, 193 Va. 744, 71 S.E.2d 172 (1952), First Funding Corp. v. Birge, 220 Va. 326, 257 S.E.2d 861 (1979), and Business Bank v. Beavers, 247 Va. 413, 442 S.E.2d 644 (1994).

6

> a trustee in a deed of trust can only do with
> the trust property what the deed either in
> express terms or by necessary implication
> authorizes him to do. In other words, the powers
> of the person foreclosing under a mortgage or
> deed of trust are limited and defined by the
> instrument under which he acts, and he has only
> such authority as is thus expressly conferred
> upon him, together with incidental and implied
> powers that are necessarily included therein.
> Accordingly, the trustee or mortgagee must see
> that in all material matters he keeps within his
> powers, and must execute the trust in strict
> compliance therewith.

Schmidt & Wilson, Inc. v. Carneal, 164 Va. 412, 415, 180 S.E. 325, 326 (1935).[3]

That line of cases is inapplicable here because the Kapanis were not trustees under a deed of trust. Rather, they were owners of a fee simple estate, though the fee was defeasible rather than absolute, and they had all necessary power to convey the whole estate of which they were themselves seised at the time of their conveyance. Consequently, the circuit court did not err when it refused to declare Riekse's deed void ab initio.

B.   ENFORCEMENT OF THE ROFR

---

[3] Moreover, many of these cases declare the deed following a trustees' sale void because the trustee had not advertised the sale, a requirement imposed by statute. Code § 55-59.1 (requiring notice to owner prior to sale); Former Code § 55-59(6) (Supp. 1978) (same); Former Code § 5167 (1919); Former Code § 2442 (1887).

7

Fairfax also argues that the circuit court erred in ruling that it could only enforce the ROFR as a condition subsequent by filing an action of ejectment.  We disagree.

Fairfax cites Landa v. Century 21 Simmons & Co., Inc., 237 Va. 374, 377 S.E.2d 416 (1989), and Commonwealth Transportation Commissioner v. Windsor Industries, Inc., 272 Va. 64, 630 S.E.2d 514 (2006).  In Landa, an executor, Peterson, was selling a parcel of land, a portion of which was subject to the Landas' right of first refusal.  After learning that the estate had received an offer from another purchaser, the Landas made their own offer but Peterson nevertheless contracted to sell to the other purchaser.  The Landas and the other purchaser both commenced lawsuits against the various parties and this Court held that the circuit court was required to order Peterson and the estate's realty company to perform under the Landas' right of first refusal.  Id. at 380-84, 377 S.E.2d at 419-22.

In Windsor, the Commonwealth acquired a parcel of land from 1314 West Main Corporation in 1977 in anticipation of building a state highway (Route 288).  However, the parcel was never used and, in 2004, VDOT proposed to sell it by sealed bid.  Windsor, 1314 West Main Corporation's successor in interest, sued to compel the Commonwealth to convey the parcel to it.  The circuit court determined that Code § 33.1-90(B) required that any parcel acquired by the Commonwealth in

8

anticipation for use in a highway project be offered to its prior owner if not so used. We affirmed, ruling that the statute created a right of re-entry in the prior owner, and ordered the Commonwealth to convey the parcel to Windsor.

Both Landa and Windsor are distinguishable from this case because the parties against whom specific performance was sought retained title to the parcel. Here, Fairfax has sought specific performance by the Kapanis, who no longer hold title to the parcel. Accordingly, the circuit court's determination that it could not order the Kapanis to perform because it was impossible for them to offer the parcel to Fairfax was correct. Cangiano v. LSH Bldg. Co., 271 Va. 171, 180, 623 S.E.2d 889, 895 (2006); Shepherd v. Colton, 237 Va. 537, 541, 378 S.E.2d 828, 830 (1989); Fishburne v. Ferguson, 85 Va. 321, 328, 7 S.E. 361, 364-65 (1888).

### III. CONCLUSION

For the reasons set forth above, we will affirm the judgment of the circuit court.[4]

Affirmed.

---

[4] Because we will affirm the judgment of the circuit court, we do not reach Riekse's assignments of cross-error challenging its decision to overrule the demurrer regarding the validity of the ROFR as a covenant running with the land.