PRESENT:  All the Justices

GLORIA B. LANE

v.  Record No. 180979

OPINION BY
JUSTICE S. BERNARD GOODWYN
August 22, 2019

BAYVIEW LOAN SERVICING, LLC,
ET AL.

FROM THE CIRCUIT COURT OF MECKLENBURG COUNTY
S. Anderson Nelson, Judge

In this appeal, we consider whether the circuit court erred when it sustained a plea in bar which asserted res judicata.

BACKGROUND

On March 30, 2007, Gloria B. Lane (Lane) executed a deed of trust (Deed of Trust) on property (Property) located in Chase City, Virginia to secure a note of $52,397.51 (Note). Bayview Loan Servicing, LLC (Bayview) serviced the loan on behalf of the noteholder.[1]

Paragraphs 12 and 17 of the Deed of Trust provided that in the event of Lane's default, the noteholder was to notify Lane of the breach and the action required to cure the breach, by certified mail prior to accelerating the Note and foreclosing on the Property.  Paragraph 17 also stated that if the noteholder intended to sell the Property, it was to notify Lane of the sale "in the manner prescribed by applicable law."

On May 10, 2016, Bayview mailed Lane a letter entitled "Notice of Default and Intent to Accelerate" (May Notice).  The May Notice stated that the Loan was delinquent by $1,060, and if this remained unpaid, Bayview would foreclose on the Property.

---

[1] The noteholder changed from CitiFinancial, Inc. to U.S. Bank National Association, as trustee, in trust for the benefit of the Holders of CSB4a Grantor Trust 2015-3 Beneficial Interest Certificates, Series 2015-3, and then to U.S. Bank National Association, as trustee, for the Holders of CSBay4a Grantor Trust 2016-1 Beneficial Interest Certificates, Series 2016-1 (US Bank Trust).  Lane alleges that Bayview acted on its own and as an agent for US Bank Trust.

On August 9, 2016, Bayview mailed another letter to Lane entitled "Notice of Default and Intent to Accelerate" (August Notice). The August Notice stated the Loan was delinquent by $1,146, and Bayview would commence foreclosure proceedings if the balance was not paid by September 13, 2016. A note in the top right corner of the August Notice stated: "Sent via Certified Mail."

On December 12, 2016, BWW Law Group, LLC (BWW) mailed Lane a letter entitled "Notice of Foreclosure Sale" (Foreclosure Notice). The Foreclosure Notice stated that it was sent "on behalf of the party secured by the Deed of Trust" and that the Property would be sold at public auction on January 4, 2017 (Foreclosure Sale), by Equity Trustees, LLC (Equity), the substitute trustee.

The Foreclosure Notice was accompanied by a copy of an advertisement of the Foreclosure Sale, in which it was stated that BWW was providing legal representation for Equity. The Foreclosure Notice was also accompanied by a document, dated December 2, 2016, that was entitled "Appointment of Substitute Trustee." It stated that Bayview "appoints [Equity] as Substitute Trustee/Grantee."

On December 30, 2016, Lane filed a petition for injunction, pro se, in the Circuit Court of Mecklenburg County against "Substitute Trustee: BWW Law Group, LLC" (Injunction Action). Lane sought to enjoin the Foreclosure Sale, scheduled for January 4, 2017, alleging that: (1) the Foreclosure Sale was not advertised in the newspaper, (2) she "received a letter of sale on the 27th of December 2016," (3) she did not receive a "certified mail returned receipt," and (4) she did not receive any prior letters notifying her of default.

On January 3, 2017, the circuit court held a hearing on the Injunction Action, and orally denied the petition for injunction. The Foreclosure Sale occurred, as scheduled, on January 4, 2017.

On January 10, 2017, the circuit court entered its order denying the injunction (January 2017 Order). The January 2017 Order noted that the court held a hearing on the petition on January 3, 2017, at which Lane and BWW were present. Upon Lane's testimony, "the written evidence submitted by the Parties, and the arguments of [Lane] and counsel for [BWW]," the court found the following:

> 1. Equity is the substitute trustee who is scheduled to conduct the Foreclosure Sale. "Because [Lane] has failed to name [Equity] as a party to this action, injunctive relief is not warranted in this matter."
>
> 2. Equity published notice of the Foreclosure Sale on "December 14, 2016 and December 21, 2016, in the South Hill Enterprise in compliance with [Code § 55-59.2] and with the requirements for advertisement of sale contained in the Deed of Trust."
>
> 3. Equity notified Lane of the Foreclosure Sale in accordance with Code § 55-59.1.
>
> 4. Bayview sent Lane "a pre-acceleration notice in compliance with Paragraph 17 of the Deed of Trust."
>
> 5. "Because there is no likelihood that the allegations contained in Plaintiff's Petition will sustain a legal claim against [BWW] or [Equity], it is not appropriate to enter an injunction in this matter."

The January 2017 Order concluded by stating "[t]his matter is ended." Lane did not appeal the January 2017 Order.

On February 3, 2017, Equity executed a Substitute Trustee's Deed conveying the Property to Bayview, the highest bidder at the Foreclosure Sale (Trustee Deed). On March 15, 2017, Bayview conveyed the Property to Eric Charles Von Allman (Von Allman) by special warranty deed.

3

On September 15, 2017, Lane, represented by counsel, filed a complaint in the Circuit Court of Mecklenburg County against Bayview, Equity, and Von Allman. With leave of court, she filed an amended complaint on November 20, 2017.

Count I of the amended complaint alleges that Bayview breached Paragraphs 12 and 17 of the Deed of Trust by mailing the May Notice first class instead of by certified mail, and by stating that Lane had missed two payments when she had only missed one. Count II alleges that Equity was not lawfully appointed as substitute trustee, in violation of Code § 55-59. Count III alleges that Bayview breached Code §§ 55-59, -59.2, and -59.3 when it breached the Deed of Trust as alleged in Counts I and II. Count IV alleges that Bayview breached implied covenants of good faith and fair dealing as the agent for the noteholder when it conducted the Foreclosure Sale in breach of the terms of the Deed of Trust and Virginia statutes.

Lane seeks compensatory damages and rescission of the Trustee Deed. Lane also seeks rescission of the special warranty deed to Von Allman, claiming that Von Allman had constructive notice of defects in his title to the Property and was not a good faith purchaser for value.

On December 11, 2017, Bayview filed a plea in bar of res judicata, asserting claim and issue preclusion based upon the Injunction Action and the January 2017 Order. Lane filed a brief in opposition to the plea in bar.

On February 12, 2018, the circuit court held a hearing on Bayview's plea in bar. The court found that "this matter was brought before this same court . . . a little over a year ago, and at that time the court had a full and final hearing." The circuit court reasoned that its finding in the January 2017 Order that Bayview "sent the plaintiff a pre-acceleration notice in compliance

4

with Paragraph 17 of the Deed of Trust" was "pretty much dispositive of this matter," and ruled that the amended complaint was barred by res judicata.

On April 26, 2018, the circuit court entered an order sustaining Bayview's plea in bar "for the reasons stated on the record," and dismissed the amended complaint as to Bayview, with prejudice. On May 14, 2018, the court entered another order dismissing the amended complaint with prejudice as to Von Allman and Equity because the ruling in favor of Bayview on its special plea of res judicata precluded Lane from obtaining relief from either Equity or Von Allman.

Lane appeals. This Court granted two assignments of error:

1. The Circuit Court of Mecklenburg County (the "trial court") erred (1) in entering its April 26, 2018 Order in this case granting the Plea of *Res Judicata* filed by appellee, defendant below, Bayview Loan Servicing, LLC ("Bayview"), dismissing with prejudice the Amended Complaint filed by the appellant, Gloria B. Lane ("Mrs. Lane") as to Bayview, and (2) in entering its May 14, 2018 Order in this case dismissing with prejudice the Amended Complaint filed by Mrs. Lane as to appellees, defendants below, Equity Trustees, LLC, as Substitute Trustee ("Equity Trustees") and Eric Charles Von Allman ("Mr. Von Allman"), because neither *res judicata* (claim preclusion) nor collateral estoppel (issue preclusion) applied to bar Mrs. Lane's Amended Complaint against Bayview, and, therefore, preclude the relief sought by Mrs. Lane against Equity Trustees and Mr. Von Allman.

2. The trial court erred in its ruling from the bench on February 12, 2018 granting the Plea of *Res Judicata* filed by Bayview because neither *res judicata* (claim preclusion) nor collateral estoppel (issue preclusion) applied to bar Mrs. Lane's Amended Complaint against Bayview.

ANALYSIS

Lane asserts that the circuit court erred in sustaining Bayview's plea in bar because Bayview failed to prove the prerequisites for the application of res judicata.

"Res judicata involves both issue and claim preclusion." *Funny Guy, LLC v. Lecego, LLC*, 293 Va. 135, 142 (2017). While claim preclusion bars relitigation of a cause of action, issue preclusion bars relitigation of a factual issue. *D'Ambrosio v. Wolf*, 295 Va. 48, 56 (2018). Whether a claim or issue is precluded by a prior judgment is a question of law this Court reviews

5

de novo. *Caperton v. A.T. Massey Coal Co.*, 285 Va. 537, 548 (2013). In granting Bayview's plea in bar of res judicata, the circuit court did not specify whether it was basing its decision upon issue preclusion, claim preclusion, or both.

As this Court has previously noted,

> [t]he doctrine of res adjudicata is a rule of law founded on the soundest consideration of public policy. The doctrine is founded upon two maxims of law, one of which is that "a man should not be twice vexed for the same cause;" the other is that "it is for the public good that there be an end of litigation."

*Patterson v. Saunders*, 194 Va. 607, 612 (1953) (alteration and citation omitted).

Claim preclusion bars "the assertion of legal or equitable rights of action, even if they were not specifically resolved in earlier litigation." *Funny Guy, LLC*, 293 Va. at 142 (citation and internal quotation marks omitted). Rule 1:6 embodies the common law principle of claim preclusion in Virginia. *D'Ambrosio*, 295 Va. at 53.

> A party whose claim for relief arising from identified conduct, a transaction, or an occurrence, is decided on the merits by a final judgment, shall be forever barred from prosecuting *any second or subsequent civil action against the same opposing party or parties on any claim or cause of action that arises from that same conduct, transaction or occurrence*, whether or not the legal theory or rights asserted in the second or subsequent action were raised in the prior lawsuit, and regardless of the legal elements or the evidence upon which any claims in the prior proceeding depended, or the particular remedies sought.

Rule 1:6(a) (emphasis added). "The law of privity as heretofore articulated in case law in the Commonwealth of Virginia is unaffected by this Rule and remains intact. For purposes of this Rule, *party or parties shall include all named parties and those in privity*." Rule 1:6(d) (emphasis added). Thus, the elements of claim preclusion are: (1) a final judgment on the merits, (2) the same parties (or their privies) in both proceedings, also expressed as identity of the parties, and (3) both causes of action arising out of the same conduct, transaction, or occurrence. Rule 1:6(a).

6

Issue preclusion, also known as collateral estoppel, precludes "parties to the first action *and their privies*" from relitigating "any issue of fact actually litigated and essential to a valid and final personal judgment in the first action." *Funny Guy, LLC*, 293 Va. at 142 (emphasis added) (citation and internal quotation marks omitted). The party seeking to assert issue preclusion must establish the following:

> (1) the parties [or their privies] to the two proceedings must be the same, (2) the issue of fact sought to be litigated must have been actually litigated in the prior proceeding, (3) the issue of fact must have been essential to the prior judgment, and (4) the prior proceeding must have resulted in a valid, final judgment against the party against whom the doctrine is sought to be applied.

*Glasco v. Ballard*, 249 Va. 61, 64 (1995). "The requirement that an issue must have been the subject of *actual rather than potential litigation* is one of the features distinguishing [issue preclusion] from [claim preclusion]." *Snead v. Bendigo*, 240 Va. 399, 401 (1990) (emphasis added).

Both claim preclusion and issue preclusion require identity of the parties. The Injunction Action was brought against only one defendant, BWW. Neither Bayview, Equity, nor Von Allman were parties to the Injunction Action. Bayview would only be able to effectively assert issue or claim preclusion based upon the January 2017 Order if it was in privity with the defendant in the Injunction Action, BWW.

Bayview claims privity with BWW due to their attorney-client relationship. Bayview also contends that it shares privity with BWW because BWW, as a party in the Injunction Action, sought to prevent the injunction which would have enjoined the Foreclosure Sale, which Equity was scheduled to conduct on behalf of Bayview. Thus, Bayview asserts that BWW represented Bayview's interests in the Injunction Action, and was Bayview's privy.

7

Lane asserts that Bayview did not establish that it was in privity with BWW regarding the Injunction Action.  Thus, she argues that the circuit court erred in granting Bayview's plea in bar of res judicata.  We agree.

Privity is a "mutual or successive relationship to *the same rights of property*, or such an identification in interest of one person with another as to represent the same legal rights, and . . . when applied to a judgment or decree refers to *one whose interest has been legally represented at the trial*."  *Patterson*, 194 Va. at 613 (emphases added) (citation and internal quotation marks omitted).  In other words, privity exists where "a party's interest is so identical with another that representation by one party is representation of the other's legal right."  *Lee v. Spoden*, 290 Va. 235, 248 (2015) (discussing claim preclusion); *State Water Control Bd. v. Smithfield Foods, Inc.*, 261 Va. 209, 214 (2001) ("The touchstone of privity for purposes of *res judicata* is that a party's interest is so identical with another that representation by one party is representation of the other's legal right.").

"[P]rivity centers on the closeness of the relationship in question."  *Raley v. Haider*, 286 Va. 164, 172 (2013) (citation and internal quotation marks omitted).  "Privity as used in the context of res judicata or collateral estoppel, *does not embrace relationships between persons or entities*, but rather it deals with a person's *relationship to the subject matter of the litigation*."  *Manning v. South Carolina Dep't of Highway & Pub. Transp.*, 914 F.2d 44, 48 (4th Cir. 1990) (emphases added); *see also Spiker v. Capitol Milk Prod. Co-op, Inc.*, 577 F. Supp. 416, 419 (W.D. Va. 1983) (noting that in Virginia, even members of the same family injured in the same automobile accident are not precluded, by virtue of their relationship to one another, from maintaining independent causes of action against the same defendant).  "Whether privity exists is

8

determined on a case by case examination of the *relationship and interests of the parties*." *Raley*, 286 Va. at 172 (emphasis added) (citation and internal quotation marks omitted).

We have not previously ruled on this specific issue, and now state that we agree with the several jurisdictions that narrowly construe privity and have found that an attorney does not share the same legal interest as his or her client merely by virtue of his or her representation of that client. *See Branning v. Morgan Guar. Trust Co. of New York*, 739 F. Supp. 1056, 1064 & n.5 (D.S.C. 1990) (noting that the attorney-client relationship is not sufficient to establish privity for res judicata under Georgia law and commenting that "such an affiliation could often lead to ethically impermissible conflicts of interest between an attorney and the client"); *Rucker v. Schmidt*, 794 N.W.2d 114, 119 (Minn. 2011) ("Something more than the common objective of attorney and client in obtaining an outcome favorable to the client is necessary to establish privity."); *Continental Sav. Ass'n v. Collins*, 814 S.W.2d 829, 832 (Tex. App. 1991) (noting the attorney-client relationship does not alone establish privity for purposes of res judicata); *see also Kirby v. Gilliam*, 182 Va. 111, 122 (1943) (reasoning that a next friend is like an agent or an attorney who assumes responsibility for the conduct of the lawsuit "but is in no sense a substitute for the actual parties in interest" (citation and internal quotation marks omitted)). *But cf. Weinberger v. Tucker*, 510 F.3d 486, 493 (4th Cir. 2007) (holding that privity was established between the attorney and client under the particular circumstances); *Jayel Corp. v. Cochran*, 234 S.W.3d 278, 281, 283-84 (Ark. 2006) (holding that Arkansas does not require strict privity but only a "substantial identity of the parties" and thus, the attorney-client relationship is sufficient to establish privity (citation and internal quotation marks omitted)).

An attorney may represent his or her client concerning their rights, but the attorney does not acquire those rights. An attorney and his or her client do not have a mutual or successive

relationship to the same rights of property because of the attorney's representation of the client. *See Patterson*, 194 Va. at 613. Therefore, the attorney-client relationship is insufficient in itself to establish privity for purposes of claim or issue preclusion in Virginia.

The Injunction Action concerned the propriety of the Foreclosure Sale and the notices that were required to be sent prior to it. As the loan servicer and agent of the noteholder, Bayview had a legal interest in the Foreclosure Sale because the Deed of Trust gave Bayview the right to foreclose on the Property, and it had appointed Equity to do so, in order to collect on the Note. By contrast, BWW is a stranger to the Deed of Trust and the obligations it imposed upon Bayview and Equity. BWW has no obligations to Lane and no interest in the Deed of Trust or the Foreclosure Sale, other than its legal representation of Equity and Bayview concerning their obligations to Lane.

In the Injunction Action, Lane sought to enjoin the Foreclosure Sale. Bayview was the party responsible for sending the pre-foreclosure notices required by the Deed of Trust, not BWW. Equity was the party authorized by Bayview to conduct the Foreclosure Sale, not BWW. Lane, proceeding pro se, failed to name Bayview or Equity as a party to the Injunction Action. Instead, she named their attorney, BWW, as the defendant in the Injunction Action.

Upon being named as a defendant in the Injunction Action, BWW engaged an attorney to represent BWW's interests in defending itself. BWW was not representing either Equity or Bayview in the Injunction Action, but, in essence, asserted that it could not be ordered to enjoin the Foreclosure Sale because it was not the substitute trustee.

The distinction between the interests of BWW and those of Bayview and Equity in the Injunction Action was implicitly recognized by the circuit court in its ruling that the injunction requested by Lane could not be granted because Lane had failed to name the substitute trustee,

10

Equity—an entity with the right to authorize the Foreclosure Sale—as a party to the Injunction Action. The circuit court correctly recognized that Equity's attorney, BWW, did not have the same interest in the Injunction Action as did its client.

As this Court recognized in *Kirby*, BWW's interest in the conduct of the Foreclosure Sale, as counsel, is no substitute for the interest of the actual noteholder or substitute trustee. Something more than "obtaining an outcome favorable" to Bayview and Equity was needed to find that BWW enjoyed the requisite "identification in interest" as to have effectively represented either Bayview's or Equity's legal right in the Injunction Action.

The circuit court noted that the proper and necessary defendant was not named or represented in the Injunction Action when it found that Equity was the trustee scheduled to conduct the Foreclosure Sale, and determined that "injunctive relief is not warranted in this matter" because "[Lane] has failed to name [Equity] as a party to this action."[2]

The rights and liabilities of Bayview or Equity were not actually litigated in the Injunction Action, nor were they essential to the judgment rendered. The circuit court refused to grant the injunction because the trustee was not named as a party, and the circuit court recognized that the trustee's attorney could not be substituted as a party in the trustee's stead.

As regards BWW's role as a named party in the Injunction Action, there is no privity between BWW and Bayview or Equity because BWW's interest in the Injunction Action was not

---

[2] A trustee is a necessary party to a suit challenging his or her authority to make a foreclosure sale. *Wills v. Chesapeake W. Ry.*, 178 Va. 314, 323 (1941). Under a deed of trust, "[t]he trustee's power of sale is coupled with an interest; that is, *he holds the legal title*, while the grantor in the trust deed has the equitable title." *Everette v. Woodward*, 162 Va. 419, 426 (1934) (emphasis added). "A trustee holding the legal title is always a necessary party to any suit wherein the trust subject is in litigation, and it is error to enter a decree disposing of the trust subject in his absence as a party." *Fisher v. Dickenson*, 84 Va. 318, 329 (1888).

11

identical to the legal rights of Bayview or Equity. Because there was no privity between BWW and Equity or Bayview, and neither Bayview nor Equity was a party to the Injunction Action, the prior judgment and rulings obtained in the Injunction Action had no preclusive effect upon any claims or issues asserted in Lane's amended complaint.

Claim and issue preclusion exist, in part, to prevent the same person from being "twice vexed" concerning the same cause of action. In this case, neither Bayview, Equity, nor Von Allman are "twice vexed" by the amended complaint because they were not parties, or in privity with the parties, named in the Injunction Action. In actuality, the Injunction Action was dismissed because Equity was not named as a party to the Injunction Action. The concerns against prolonging litigation are not implicated in this case, where Bayview's, Equity's, Von Allman's, and Lane's mutual rights and obligations concerning the Foreclosure Sale have yet to be litigated on the merits.

The circuit court erred when it sustained Bayview's plea in bar of res judicata because Lane's amended complaint was not barred by either claim or issue preclusion.

CONCLUSION

For the foregoing reasons, the decisions of the circuit court granting Bayview's plea in bar of res judicata and dismissing Lane's amended complaint as to all defendants were in error. The judgments of the circuit court will be reversed and vacated, and the case remanded for further proceedings consistent with this Court's opinion.

*Reversed and remanded.*