**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 22-2000**

───────────

CONFLICT KINETICS, INC.,

        Plaintiff – Appellant,

    v.

BAGIRA SYSTEMS, LTD.; BAGIRA SYSTEMS USA, LLC,

        Defendants – Appellees,

    and

DANIEL GOLDFUS; MINISTRY OF DEFENSE (ISRAEL),

        Defendants.

───────────

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Michael Stefan Nachmanoff, District Judge.  (1:22-cv-00315-MSN-JFA)

───────────

Argued:  October 24, 2023                    Decided:  January 30, 2024

───────────

Before KING, WYNN, and RUSHING, Circuit Judges.

───────────

Vacated and remanded by unpublished opinion.  Judge Rushing wrote the majority opinion, in which Judge Wynn joined.  Judge King wrote a dissenting opinion.

───────────

**ARGUED:**  Milton C. Johns, EXECUTIVE LAW PARTNERS PLLC, Fairfax, Virginia, for Appellant.  Mark Hunter Churchill, HOLLAND & KNIGHT LLP, Tysons, Virginia, for Appellees. **ON BRIEF:** Tessa B. Tilton, HOLLAND & KNIGHT LLP, Tysons,

Virginia, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit.

RUSHING, Circuit Judge:

A federal district court dismissed Conflict Kinetics' lawsuit against an Israeli company and Israeli military official for *forum non conveniens*. So Conflict Kinetics added two more defendants and filed an otherwise identical lawsuit in the same district. Citing the earlier judgment, the district court dismissed the second lawsuit as barred by issue preclusion. On appeal, Conflict Kinetics argues that issue preclusion cannot apply because the issue decided in the first case—*forum non conveniens* as regards the two original defendants—is different from the issue to be decided in this case—*forum non conveniens* as regards the four current defendants. We agree that the addition of a United States defendant distinguishes the forum issue presented here from the one previously decided. We therefore vacate the judgment and remand for further proceedings.

I.

Conflict Kinetics is a Virginia corporation that designs and sells combat training technology. In 2021, Conflict Kinetics sued an Israeli company, Bagira Systems, Ltd. (Bagira Israel), and an Israeli military official, Brigadier General Daniel Goldfus, in the Eastern District of Virginia, alleging that they conspired to misappropriate its trade secrets. Bagira Israel moved to dismiss the complaint on multiple grounds, including *forum non conveniens*.

The district court dismissed the complaint for *forum non conveniens*. *Conflict Kinetics, Inc. v. Goldfus*, 577 F. Supp. 3d 459, 466 (E.D. Va. 2021). Applying the framework established by our precedent, the district court concluded that the Israeli forum was available, adequate, and more convenient. *See id.* at 463–466. Israel was "available"

3

because Bagira Israel and General Goldfus were amenable to process there. *Id.* at 463. Israel was "adequate" because all parties were within the jurisdiction of the Israeli courts and because there was no reason to believe Conflict Kinetics would be deprived of all remedies or treated unfairly. *Id.* at 464. And Israel was "more convenient" given the private and public interests involved. *See id.* at 465–466. Because almost everything pointed toward Israel, the district court dismissed the complaint. *Id.* at 466.

A few months later, Conflict Kinetics filed another lawsuit in the Eastern District of Virginia on the same claims. It once again sued Bagira Israel and General Goldfus. But this time, Conflict Kinetics added two more defendants: the Israeli Ministry of Defense and Bagira Systems USA, LLC (Bagira USA). Bagira USA is a Delaware corporation registered to do business in Delaware. The operative complaint did not add new allegations about Bagira USA's involvement in the alleged misappropriation. Instead, the complaint imputed Bagira Israel's alleged misdeeds to Bagira USA on the theory that Bagira USA is the alter ego of Bagira Israel.

Once again, Bagira Israel moved to dismiss on numerous grounds, including *forum non conveniens*, improper venue, lack of personal jurisdiction, and failure to state a claim. Bagira Israel also urged that Conflict Kinetics be precluded from relitigating *forum non conveniens*, as that issue was decided against it in the prior case.[1]

---

[1] Bagira USA also moved to dismiss the complaint, adopting in full the arguments advanced by Bagira Israel.

4

The district court dismissed the complaint with prejudice on issue preclusion grounds. Comparing the previous litigation with the current case, the district court concluded that the *forum non conveniens* issues in the two proceedings were the same. In particular, the court reasoned that the addition of Bagira USA and the Ministry of Defense did not materially alter the forum analysis, so the prior determination should be given preclusive effect. The district court declined to reach Bagira Israel's other bases for dismissal.

## II.

We review a district court's application of issue preclusion de novo. *Hately v. Watts*, 917 F.3d 770, 777 (4th Cir. 2019). On appeal, the parties dispute only one requirement for issue preclusion: whether the prior judgment resolved the *same issue* presented by this case. *See Lane v. Bayview Loan Servicing, LLC*, 831 S.E.2d 709, 714 (Va. 2019); *cf. Collins v. Pond Creek Mining Co.*, 468 F.3d 213, 217 (4th Cir. 2006).[2] The defendants, as the parties asserting defensive issue preclusion here, bear the burden to prove that the same issue was determined in the prior action. *See Hately*, 917 F.3d at 778.

---

[2] Throughout these proceedings, the parties have relied on the federal standard for issue preclusion. *See Collins*, 468 F.3d at 217. Federal common law governs the preclusive effect of a judgment by a federal district court exercising diversity jurisdiction, but federal common law directs us to apply the issue preclusion law of the State where the district court sits, unless doing so is incompatible with federal interests. *See Hately*, 917 F.3d at 777 (citing *Semtek Int'l v. Lockheed Martin Corp.*, 531 U.S. 497, 508–509 (2001)). The parties have not identified any reason why Virginia preclusion law is incompatible with federal interests, so Virginia law applies. *See id.* ("[W]e discern no reason why Virginia preclusion law is incompatible with federal interests."). Because the parties dispute only sameness—which is part of the federal and Virginia preclusion standards—we address only that requirement, without discussing the other elements of Virginia issue preclusion. *See, e.g.*, *Weinberger v. Tucker*, 510 F.3d 486, 491 (4th Cir. 2007).

The issue resolved in the previous litigation was *forum non conveniens*. Dismissal for *forum non conveniens* requires the district court to determine whether the alternative forum is available, adequate, and more convenient. *See Tang v. Synutra Int'l, Inc.*, 656 F.3d 242, 248 (4th Cir. 2011). Availability is ordinarily "satisfied when the defendant[s] [are] amenable to process in the other jurisdiction." *Id.* at 249 (internal quotation marks omitted). "A foreign forum is adequate when (1) all parties can come within that forum's jurisdiction, and (2) the parties will not be deprived of all remedies or treated unfairly, even though they may not enjoy the same benefits as they might receive in an American court." *Id.* (internal quotation marks omitted). If the alternative forum is available and adequate, then the court considers convenience "in light of the public and private interests involved." *Id.* at 248.

As our articulation of these principles suggests, "the alternate forum must be available [and adequate] as to *all defendants*." *Galustian v. Peter*, 591 F.3d 724, 731 (4th Cir. 2010). The addition of a new defendant may warrant a fresh forum analysis because it can change the availability, adequacy, and convenience determinations underlying the previous resolution. *Cf. id.* (finding dismissal premature when no evidence had been proffered regarding the availability of the foreign forum as to a newly added defendant). If the presence of a new defendant raises the same factual issues already decided, however, then issue preclusion would apply.

The issue here is not the same as the one previously decided, at least as regards Bagira USA. In the first proceeding, the district court found the Israeli forum available and adequate, in part, because both defendants—Bagira Israel and General Goldfus—were

6

indisputably amenable to process in and within the jurisdiction of the Israeli courts. *Conflict Kinetics*, 577 F. Supp. 3d at 463–465.  In the second proceeding, Conflict Kinetics added the Ministry of Defense and Bagira USA as defendants.  While the Ministry of Defense may raise the same forum issues as the original defendants, Bagira USA does not.[3]

The district court in the first proceeding did not consider Bagira USA in its *forum non conveniens* analysis, and the availability and adequacy of the Israeli forum for Bagira USA presents different factual issues than those decided in the prior case.  As an initial matter, Conflict Kinetics did not reference Bagira USA in its original complaint.  Although Conflict Kinetics mentioned Bagira USA when opposing Bagira Israel's original motion to dismiss for lack of personal jurisdiction, the fact that the district court in the first proceeding was aware of Bagira USA is not enough.  The court did not consider Bagira USA at all in its forum analysis, much less decide the availability and adequacy of the Israeli forum as to Bagira USA.  And those questions present new factual issues different from those decided in the first case.  Bagira USA is a Delaware corporation registered to do business in Delaware.  No party asserts that this Delaware corporation poses the same *forum non conveniens* issues as an Israeli company or an Israeli military official.  Indeed,

---

[3] The Ministry of Defense was referenced in the original complaint, even though it was not a named defendant.  The original complaint accused the Ministry of Defense of leaking information and protecting the conspirators; it also alleged that General Goldfus acted as an employee and agent of the Ministry of Defense.  We think it plausible that the forum issues pertaining to the Ministry of Defense are materially the same as those pertaining to General Goldfus, an Israeli military official alleged to have been a Ministry agent.  Furthermore, the district court, in assessing the availability and adequacy of the Israeli forum as to the original parties, stressed that Conflict Kinetics had successfully sued the Ministry of Defense in Israeli court.  *See Conflict Kinetics*, 577 F. Supp. 3d at 463–465.

the defendants do not answer Conflict Kinetics' assertion that Bagira USA is neither amenable to process in Israel nor subject to the jurisdiction of its courts. Those issues were not resolved in the prior case and so must be considered by the district court in this case in the first instance.

The defendants primarily contend that Bagira USA is irrelevant to the claims in this case and that Conflict Kinetics should not be allowed to circumvent the previous *forum non conveniens* ruling by adding irrelevant parties or inadequate claims. According to Bagira Israel, Bagira USA is a former affiliate that has been inactive for years. As the defendants see it, the complaint's allegations against Bagira USA are insufficient because the complaint does not accuse Bagira USA of any conduct relevant to the pleaded claims and its alter ego allegations are purely conclusory.

We share the defendants' concern about parties attempting to circumvent and relitigate a district court's previous judgment. But issue preclusion is not the device for disposing of insufficient allegations. District courts have other tools to manage that problem, such as dismissal for failure to state a claim. *See*, *e.g.*, *Scot. Air Int'l, Inc. v. Brit. Caledonian Grp., PLC*, 81 F.3d 1224, 1234–1235 (2d Cir. 1996) ("[A] district court may dismiss part of a lawsuit [for *forum non conveniens*] while deciding the merits of other issues" because "a contrary rule would reduce the flexibility of the doctrine and would allow litigants to skew the [*forum non conveniens*] analysis by joining claims that lack merit."); *Su v. M/V S. Aster*, 978 F.2d 462, 467, 472 (9th Cir. 1992) (affirming judgment dismissing some claims under Rule 12(b)(6) and the others under *forum non conveniens*). Recognizing this, the defendants ask us to undertake the Rule 12(b)(6) analysis on appeal.

We decline the invitation.  In view of the numerous alternative bases for dismissal articulated by the defendants, we remand for the district court to decide those questions in the first instance.

III.

For the foregoing reasons, the judgment of the district court is

*VACATED AND REMANDED*.

KING, Circuit Judge, dissenting:

I disagree with my good friends and fellow panelists and would affirm Judge Nachmanoff's September 2022 order dismissing Conflict Kinetics, Inc.'s second lawsuit with prejudice. As recited by the majority opinion, Conflict Kinetics filed its first lawsuit in the Eastern District of Virginia against an Israeli company, Bagira Systems, Ltd. ("Bagira Israel"), and an Israeli military official. The first lawsuit was dismissed by Judge Ellis on December 29, 2021, applying the doctrine of *forum non conveniens*, with Israel being a more convenient forum.

Conflict Kinetics failed to timely appeal the dismissal of its first lawsuit. Rather, nearly three months later, on March 22, 2022, Conflict Kinetics initiated its second lawsuit in the same court, the Eastern District of Virginia. Its second lawsuit alleged the very same claims that Judge Ellis had dismissed, but added as new defendants the Israeli Ministry of Defense and Bagira Systems USA, LLC — a Delaware corporation ("Bagira USA"). The second lawsuit made no new allegations regarding Bagira USA, but simply sought to impute Bagira Israel's conduct entirely onto Bagira USA. Judge Nachmanoff dismissed Conflict Kinetics' second lawsuit in September 2022 on the basis of collateral estoppel and issue preclusion. *See* J.A. 197-201. This appeal was then noticed.

In these circumstances, I am satisfied that Judge Nachmanoff ruled correctly in dismissing Conflict Kinetics' second lawsuit. The issue of *forum non conveniens* had been already decided and resolved against Conflict Kinetics by Judge Ellis.

I respectfully dissent.